**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Hendricks Jaysen RINGLING,
a/k/a John Kasell, Defendant–
Appellant.**

No. 92–6271.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 30, 1992.

Decided March 19, 1993.

Thomas Courtland Manning, Cheshire, Parker, Hughes & Manning, Raleigh, NC, argued, for defendant-appellant.

John Douglas McCullough, Senior Litigation Counsel, Raleigh, NC, argued. (Margaret Person Currin, U.S. Atty., on the brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.

OPINION

ERVIN, Chief Judge:

Michael Ringling appeals from a denial by the district court of his motion to enforce the plea agreement which he had entered into with the United States. He alleged that the Government had breached its agreement in two respects. Ringling raises two issues on appeal: (1) did the district court err when it denied his motion to enforce the plea agreement?; (2) did the district court err in holding that the promise of an Assistant United States Attorney did not bind the entire United States Attorney's office? We agree with Ringling's assertions as to the plea agreement, but

reject them as to the oral promise to make a Rule 35 motion. Accordingly, we affirm in part, reverse in part, and remand the case for resentencing.

### I

■ Ringling was indicted on May 7, 1991 on charges of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. He pled guilty to conspiracy to possess and distribute cocaine, entering a plea agreement on August 14, 1991. The plea agreement stated that the Government

> will make known to the Court at the time of sentencing the full nature and cooperation, including whether the Government considers the Defendant to have substantially assisted authorities. The Government, however, is not promising to move for a departure pursuant to 18 U.S.C. § 3553(e) or U.S.S.G. § 5K1.1.

This provision implicitly required the Government to debrief Ringling prior to sentencing in order that the Government could make known "at the time of sentencing" the extent of Ringling's cooperation.

During the interval between Ringling entering his plea and his sentencing, Ringling's counsel contacted Assistant United States Attorney McCullough to arrange a debriefing. McCullough did not act on the requests for debriefing as required by the plea agreement. Therefore, the Government did not question Ringling concerning other drug transactions to determine whether he had any information that could aid in other prosecutions. At sentencing the Government was unable to inform the court about the value of Ringling's assistance because it had failed to interview him. Therefore, the court did not consider Ringling's willingness to cooperate and he was sentenced to 328 months.

Subsequent to sentencing and pursuant to the Government's request, Ringling sent Assistant United States Attorney McCullough and the Drug Enforcement Agency ("DEA") agent assigned to the case a written statement implicating others in the scheme to obtain and sell crack. The DEA agent followed the leads in the letter, but they were of no avail. The Government found that the information was of no value.

Responding to a letter from Ringling's counsel, Assistant United States Attorney McCullough informed him that Ringling was not going to be debriefed because

> efforts to debrief your client [Ringling] will be a waste of time.... Ringling was afforded the opportunity to cooperate the night of his arrest. Unfortunately, he refused at that time. His cooperation is far less valuable to the Drug Enforcement Administration.

(J.A. at 43). McCullough subsequently informed Ringling's counsel that a Rule 35 motion would not be made. During a phone conference initiated by Ringling's counsel, Assistant United States Attorney McCullough reversed his position and stated that he would make a Rule 35 motion, seeking modification of Ringling's sentence. Later McCullough notified Ringling's counsel by letter, that a committee in the United States Attorney's office had overruled his recommendation that the Rule 35 motion be made. Ringling protested and filed a motion that both the plea agreement and McCullough's oral promise to make a Rule 35 motion be enforced. The district court denied Ringling's motion and this appeal ensued.

### II

#### A

First, Ringling contends that the district court erred by not enforcing the plea agreement and the subsequent oral promise by Assistant United States Attorney McCullough. He asserts that he relied on the portion of the plea agreement that permitted his cooperation with the Government to be taken into account at sentencing. Moreover, Ringling contends that the subsequent oral promise was consideration for his entering into the plea agreement. Therefore, in light of his reliance on both the plea agreement and later promise in agreeing to plead guilty, Ringling argues that the Government breached its duty to adhere to promises made to a criminal defendant that were a significant basis of the

plea agreement, as required under *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). The Government counters that it had the authority to determine whether the information was of value and whether any motion on the defendant's behalf was warranted.

In *Santobello*, an assistant district attorney promised a criminal defendant that a sentencing recommendation would not be made if he pled guilty to a lesser offense; the defendant agreed. At sentencing another assistant district attorney was present. He made a sentencing recommendation because of his ignorance regarding the prior promise. The Supreme Court ruled that it was error for the lower court to have accepted this plea. *Id.* at 262–263, 92 S.Ct. at 499. It stated that plea bargains were an efficient method to administer justice, but that the process must be safeguarded to ensure the fairness that the process presupposes. *Id.* at 261, 92 S.Ct. at 498. The Court held that

> when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement such promise must be fulfilled.

*Id.* at 262, 92 S.Ct. at 499.

■ Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain. Yet, the analysis of the plea agreement must be conducted at a more stringent level than in a commercial contract because the rights involved are generally fundamental and constitutionally based. *United States v. Harvey*, 791 F.2d 294, 299 (4th Cir.1986). In *Harvey* we held that when interpreting a plea agreement

> both constitutional and supervisory concerns require holding the government to a greater degree of responsibility than the defendant (or possibly than would be either of the parties to a commercial contract) for imprecisions or ambiguities in plea agreements.

*Id.* at 300.

■ In the instant case, Ringling did not receive the benefit of the plea agreement.

The plea agreement stated the Government "will make known at the time of sentencing the full nature and extent of Defendant's cooperation...." The Government breached its obligation to Ringling by failing to provide information as to the extent of his cooperation to the district court. Ringling made numerous attempts to avail himself to debriefing by the Government. The Government chose not to—or because of time restraints could not—interview Ringling. While the prosecutor's office may be overworked this "does not excuse them" from living up to the bargain. *Santobello*, 404 U.S. at 260, 92 S.Ct. at 498.

Ringling's opportunity to be debriefed and to have his cooperation considered by the court was one of the bases of the plea agreement that the Government breached. Ringling thought the debriefing option increased the likelihood that his sentence might be reduced. Of course, under the explicit terms of the plea agreement the Government was under no obligation to move for a downward departure under U.S.S.G. § 5K1.1. The Government, however, did obligate itself to conduct an interview. We hold that the Government's failure to question Ringling prior to sentencing and its resulting inability to comment on the value of his cooperation constituted a *Santobello* violation, and remand the case for resentencing.* Prior to the resentencing, Ringling should be given a reasonable opportunity to provide the Government with information of the nature contemplated by the plea agreement.

**B**

Next, Ringling contends that the district court erred in holding that the term "Government" does not include the entire United States Attorney's Office rather than a single Assistant United States Attorney. He argues that the entire United States Attorney's Office should be bound by the promise of Assistant United States Attorney McCullough to make a Rule 35 motion. Actually, the Government does not dispute the ability of a single Assistant United

* At oral argument Ringling's Counsel stated that    he did not seek to withdraw his prior plea.

States Attorney to bind the entire office so long as that promise induced the defendant to change his position to his detriment or was a basis for the plea agreement. *United States v. Harvey*, 791 F.2d 294, 301 (4th Cir.1986).

■ We agree that the entire United States Attorney's Office is bound by the promise of one of its agents. As we held in *Harvey*, the term "Government" is to be construed broadly to encompass all of its different districts and branches. Therefore, when one district attorney states that the "Government" will not prosecute, it encumbers all other districts. *Harvey*, 791 F.2d at 303. We also stated that "[i]t is the Government at large—not just specific United States Attorney's or United States 'Districts'—that are bound by plea agreements negotiated by agents of the Government." *Id*. This reasoning is equally applicable within a single United States Attorney's Office. When a defendant's fundamental rights are at stake the right hand should know what the left hand is doing.

■ Moreover, Ringling contends that Assistant United States Attorney McCullough's promise to make a Rule 35 motion should be enforced as it was a basis of the plea agreement. Here, we depart company with Ringling. The promise to make the Rule 35 motion was made well after Ringling had entered into the plea agreement, been sentenced, and committed to prison. The record reveals that the promise to make the motion was gratuitous and was in no way a basis for the plea agreement. The plea agreement nowhere stated that the Government would make such a motion. On these facts we cannot order the Government to make a Rule 35 motion.

The judgment of the district court is therefore

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.