16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATE of America, Plaintiff-Appellee,
v.
Todd Jerome WASHINGTON, Defendant-Appellant.
 No. 93-5404.
 United States Court of Appeals, Fourth Circuit.
 Jan. 11, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge.
 Harold J. Bender, Charlotte, NC.
 Jerry W. Miller, Charlotte, NC.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Todd Jerome Washington pleaded guilty, pursuant to a plea agreement, to conspiracy to possess cocaine base with intent to distribute. He contends that the government breached the plea agreement. We affirm.
 
 I.
 
 2
 The plea agreement provided that, if Washington acknowledged the nature and extent of his criminal conduct, the government would recommend a two-level reduction for acceptance of responsibility under sentencing guideline section 3E1.1.[1] Washington received a three-level reduction for his acceptance of responsibility. In addition, the agreement provided that Washington "could" choose to provide information about criminal activity within his knowledge to the government, and would testify truthfully in any criminal proceeding. At the completion of any such assistance, the government had discretion to determine whether the assistance was substantial. If it so determined, the government would move for a downward departure under guideline section 5K1.1 or Fed. R. Cr. P. 35.
 
 
 3
 At sentencing, Washington's counsel outlined the extent of his client's cooperation with the government. He noted that the government did not plan to make a section 5K1.1 motion for departure from the guidelines on the basis of substantial assistance. He then asked for a sentence at the lower end of the guideline range, on the basis of the assistance Washington had given. The attorney for the government stated that Washington had begun to cooperate with authorities, but that his cooperation was not yet substantial assistance. She then recommended a sentence at the low end of the guideline scale because of Washington's willingness to cooperate. The court sentenced Washington to 188 months, the lowest sentence in that range.
 
 II.
 
 4
 Washington argues that under the plea bargain, the government agreed to debrief him and inform the sentencing court of his cooperation. Because the government had not finished interviewing him at the time of sentencing, he asserts that they could not comply with that portion of the agreement, citing United States v. Ringling, 988 F.2d 504 (4th Cir.1993).
 
 
 5
 The government argues that Washington has waived this issue on appeal by failing to raise it before the district court. We agree. At the sentencing hearing, counsel only raised objections to the proposed enhancement for being recently released from prison and mention of Washington's membership in an infamous Los Angeles gang. Counsel then explicitly conceded that he had no further objections and asked for a sentence at the low end of the applicable range. Under these circumstances, Washington has forfeited appellate review, absent plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). We find no plain error in this case.
 
 
 6
 Washington does not argue that he provided substantial assistance, but rather that he was prevented from providing substantial assistance because the government did not debrief him. However, unlike Ringling, the plain language of the agreement shows that the government did not obligate itself to debrief Washington.[2] Accordingly, we affirm Washington's sentence and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1992)
 
 
 [2]
 The agreement reads, in pertinent part:
 
 
 [5]
 By virtue of this plea agreement the defendant may elect to provide truthful information about any and all criminal activity within his knowledge to government agents and agencies designated by the United States and will testify truthfully in any trials, hearings, Grand Jury proceedings or any other proceedings as designated by the United States, including proceedings against the co-defendant in the above-referenced Bill of Indictment. The defendant understands that only truthful and accurate information and testimony is required under this provision and, in fact, that knowingly giving false information or testimony will subject defendant to further criminal prosecution. This information may be verified by polygraph or any other method chosen by the United States. When and if such assistance has been completed, the government, in good faith and in its sole discretion, shall determine whether said assistance has been substantial. Upon determination that the defendant has rendered substantial assistance, the government shall make a motion for a downward departure pursuant to Sec. 5K1.1 of the Sentencing Guidelines or Federal Rule of Criminal Procedure 35 as appropriate