30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
MICHAEL HENDRICKS J. RINGLING, a/k/a John Kasell, Defendant-Appellant.
 No. 93-5554.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 7, 1994.
Decided: July 26, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-91-41)
 Thomas Courtland Manning, Cheshire, Parker, Hughes & Manning, Raleigh, NC, for Appellant.
 John Douglas McCullough, Assistant United States Attorney, Raleigh, NC, for Appellee.
 James R. Dedrick, United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and WILLIAMS, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Michael Ringling entered a plea of guilty on August 14, 1991 to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 846, pursuant to a Memorandum of Plea Agreement entered into with the government. The plea agreement provided that at the time of sentencing, the government would make known to the court the extent of Ringling's cooperation in assisting the government by providing information related to its continuing investigations. The agreement explicitly stated, however, that the government did not promise to move for a departure based on Ringling's assistance. Ringling was not debriefed prior to sentencing and the government was therefore unable to comment to the court concerning Ringling's assistance. Ringling was sentenced to 328 months incarceration on November 25, 1991.
 
 
 2
 Ringling appealed that sentence to this court, and we held that the plea agreement entitled him to debriefing. United States v. Ringling, 988 F.2d 504, 506 (4th Cir.1993). The case was remanded for resentencing.
 
 
 3
 Ringling was debriefed on July 6, 1993. Determining that Ringling had not provided substantial assistance, the government did not move for a downward departure at resentencing on July 12, 1993. The government did, however, state that it had no objection to the court sentencing Ringling at the lower end of the Guideline range and it agreed to a three level reduction for acceptance of responsibility. The court reduced Ringling's sentence from 328 months to 262 months.
 
 
 4
 Ringling now appeals this new sentence arguing that the court should have departed downward on the basis of his substantial assistance because he was prejudiced by the government's two year delay in his debriefing.
 
 I.
 
 5
 Ringling entered into a plea agreement with the government on August 14, 1991 which stated in part:
 
 
 6
 The Government will make known to the Court at the time of sentencing the full nature and extent of the Defendant's cooperation, including whether the Government considers the Defendant to have substantially assisted authorities. The Government, however, is not promising to move for a departure pursuant to 18 U.S.C. Sec. 3553(e) or U.S.S.G. Sec. 5K1.1.
 
 
 7
 Ringling made several attempts, both prior to and after his sentencing on November 25, 1991, to convince the government to debrief him, but the government refused to interview him. Following sentencing, upon the suggestion of the prosecutor, Ringling prepared a written statement on December 2, 1991 containing the information he could provide to the government. After reviewing his statement, the government concluded on January 15, 1992 that debriefing Ringling would be a "waste of time, as his information is insufficient in and of itself to make a valid case against anyone else." J.A. at 42.
 
 
 8
 Ringling appealed his sentence to this court. We found that the opportunity to be debriefed and to have his cooperation considered by the court was one of the benefits conferred upon Ringling by the plea agreement. Ringling, 988 F.2d at 506. We held that the government breached its obligation in this respect and that this breach constituted a violation under Santobello v. New York, 404 U.S. 257, 261 (1971). Ringling, 988 F.2d at 506. We remanded the case for resentencing, instructing that prior to resentencing, Ringling should be given a reasonable opportunity to provide the government with information of the nature contemplated by the plea agreement. Id.
 
 
 9
 Ringling was thereafter debriefed on July 6, 1993. The interviewing agent was not aware that Ringling had previously submitted a written statement. Ringling thus claims that the interviewer was "neglectful and less than thorough[ly] prepar[ed]." Appellant's Br. at 6. Ringling argues that this treatment prejudiced him and made it impossible for him to provide any substantial information to the government. Had he been debriefed two years earlier, he claims, his information would have been timely and could possibly have helped in other prosecutions. The government, nonetheless, determined that Ringling had not provided substantial assistance. Although at one point the government stated that "the Defendant cannot at this time provide any assistance to future prosecutions," it subsequently stated that
 
 
 10
 it was the opinion of the government after reading the Defendant's written statement two years ago that he could not provide any substantial assistance. This opinion has not changed even after giving the Defendant a reasonable opportunity to provide assistance as required by the Fourth Circuit.
 
 
 11
 Appellee's Br. at 7. Although the government refused to move for a departure on the basis of substantial assistance, it agreed to other means for reducing Ringling's sentence by 66 months.
 
 II.
 
 12
 Because this case involves questions of law regarding the district court's application of the Sentencing Guidelines' departure provisions, the standard of review is de novo. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989).
 
 
 13
 The United States Sentencing Guidelines provide inSec. 5K1.1 that
 
 
 14
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 
 
 15
 This court has consistently held that a district court may not consider such a downward departure unless the government has so moved. United States v. Sharp, 927 F.2d 170, 175 (4th Cir.1991); United States v. Francois, 889 F.2d 1341, 1343-44 (4th Cir.1989), cert. denied, 110 S.Ct. 1822 (1990). This limitation on a court's authority "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 118 L.Ed.2d 524, 531 (1992).
 
 
 16
 The Supreme Court has identified the following exception to this approach:
 
 
 17
 Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.
 
 
 18
 Id. Generalized allegations of improper motive will not suffice to permit relief, but rather the defendant must make a substantial threshold showing of suspect reasons. Id. Ringling has made no allegation that the government's failure to move for an assistance-based departure was motivated by unconstitutional reasons, such as his race or religion. Because there is no proof of prosecutorial constitutional violations, the Wade exception to the general rule preventing a downward departure absent a motion by the government does not apply.
 
 
 19
 In Wade, however, the Court further indicates that where a plea agreement is involved, a violation of that agreement by the government may also serve as a basis for granting relief. Id. (citing Santobello, 404 U.S. at 262-63). This language has been interpreted to broaden the exception to allow consideration of a departure absent a government motion where the government has breached a plea agreement. United States v. Knights, 968 F.2d 1483, 1486 (2d Cir.1992).
 
 
 20
 In Santobello, the Court stated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262. In that case in which the government had promised not to make any recommendation regarding sentencing, the government was found to have breached the agreement when it did in fact make a recommendation to the district court.
 
 
 21
 The Court remanded the case for resentencing or withdrawal of the plea.
 
 
 22
 In Ringling's prior appeal, this court determined that the government's failure to debrief Ringling constituted a Santobello violation. Ringling, 988 F.2d at 506. The question now presented is whether the government's debriefing, occurring almost two years after the time stipulated in the plea agreement, cures that violation. We hold that to ensure compliance with due process, when determining whether information provided by a defendant in a debriefing delayed by the government is substantial, the government must evaluate the information in light of the circumstances existing at the time the defendant was entitled to be debriefed pursuant to the plea agreement.
 
 
 23
 At the second sentencing hearing on July 12, 1993, the government stated that "it's the position of the Government that [Ringling] has not substantially assisted and cannot at this time." J.A. at 62. Following Ringling's objections to this position, the government told the court that the information provided in the debriefing was similar to the information provided in Ringling's December 2, 1991 written statement and "there's nothing in that that we can follow-up on, your Honor. It's first names and ..." (interrupted by the court). J.A. at 68. In its brief to this court, the government supports its refusal to move for a departure by stating that Ringling "cannot at this time provide any assistance to future prosecutions," and that "it was the opinion of the Government after reading the Defendant's written statement two years ago that he could not provide any substantial assistance. This opinion has not changed...." Appellee's Br. at 7.
 
 
 24
 Had the government merely supported its position with the fact that Ringling could not at this time provide substantial assistance, Ringling would have been denied the benefit of the plea agreement. The two year delay in debriefing was entirely the fault of the government and the adverse effect of that delay on the usefulness of Ringling's information should not be brought to bear on him. The plea agreement entitled him to debriefing prior to sentencing and whatever information he finally provided should be evaluated in the context of circumstances as they existed at that time.
 
 
 25
 The government, however, supplemented its reasoning with the fact that it had considered the information in the written statement provided just after the initial sentencing and that even at that time, the information was not useful. The information provided in the subsequent debriefing contained the same information and nothing was added that made or would have made it useful. Because the government apparently considered Ringling's assistance in light of circumstances existing at the time of the initial sentencing, the government complied with its obligations under the plea agreement.
 
 
 26
 The government was nonetheless clearly careless in its disposition of Ringling's situation. Such cavalier treatment of obligations imposed by plea agreements is to be avoided.
 
 III.
 
 27
 Because the government cured its breach of the plea agreement, the district court had no basis to consider a substantial assistance departure absent a motion by the government. The sentence imposed by the district court is therefore affirmed.
 
 
 28
 AFFIRMED.