46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armon O'Neal BEAVERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Thomas WILLIAMS, Defendant-Appellant.
 Nos. 93-5502, 93-5503.
 United States Court of Appeals, Fourth Circuit.
 Argued: Sept. 29, 1994.
Decided: Jan. 18, 1995.
 
 ARGUED: Dennis Eugene Jones, Lebanon, VA; Birg Eugene Sergent, Pennington Gap, VA, for Appellants. Julie Marie Campbell, Assistant United States Attorney, Abingdon, VA, for Appellee. ON BRIEF: E. Montgomery Tucker, United States Attorney, Abingdon, VA, for Appellee.
 Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants, Armon Beavers and Larry Williams, appeal from their sentences following guilty pleas for conspiracy to distribute or possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A)(ii), and 846.[1] They argue that the prosecutor violated their respective plea agreements by failing to make the required sentencing recommendations or motions. We agree with appellants, vacate both sentences and remand to the district court for re-sentencing.
 
 
 2
 Beavers and Williams both entered into plea agreements with the government. In exchange for their guilty pleas, the government agreed to recommend that both appellants be sentenced to the low end of the applicable sentencing guideline range. In addition, the government agreed to give them the opportunity to render substantial assistance to the government. If they did render such assistance, the government agreed to make a motion that the court depart downward from the guideline range.
 
 
 3
 At Beavers' sentencing hearing the prosecutor neglected to recommend to the district court that Beavers be sentenced at the low end of the guideline range, as required by Beavers' plea agreement. The district court sentenced Beavers to 135 months' imprisonment, the high end of the guideline range. A defendant who has been induced to plead guilty to an offense in exchange for a contractual agreement by the government to make certain sentencing recommendations is entitled to those recommendations. Santobello v. New York, 404 U.S. 257, 262 (1971); United States v. Ringling, 988 F.2d 504, 506 (4th Cir.1993). Accordingly, Beavers' sentence is vacated, and we remand the case to the district court so that the government may recommend to the district court that Beavers be sentenced at the low end of the guideline range.
 
 
 4
 The prosecutor also never filed a substantial assistance motion for downward departure on Beavers' behalf. Beavers argues that he was entitled to such a motion under his plea agreement. However, we have reviewed the record and find that the prosecutor did not violate the plea agreement in this respect, because Beavers had not provided substantial assistance. The government's obligation to make a motion for a downward departure had not arisen.[2]
 
 
 5
 In Williams' case, the government did recommend, and Williams did receive, a sentence of 100 months at the low end of the guideline range. The government does not claim that Williams did not render substantial assistance, and the prosecutor had made in the district court a motion to depart downward to a sentence of 24 months for substantial assistance. However, at the sentencing hearing, when the district court asked the prosecutor for the government's recommendation with respect to Williams, she recommended that the district court sentence Williams at the low end of the guideline range. Although
 
 
 6
 Williams did inform the district court that the 24-month recommendation was on file, the government at no point during the sentencing hearing recommended to the district court that Williams receive a sentence of 24 months, as required by the plea agreement. Williams was sentenced to 100 months' imprisonment, the low end of the guideline range. Again, a defendant who performs his side of a plea agreement is entitled to have the government fulfill its obligations as well. Santobello, 404 U.S. at 262; Ringling, 988 F.2d at 506. Williams' sentence is vacated and remanded to the district court so that the government can affirmatively notify the district court that it recommends a 24-month sentence because of substantial assistance provided by Williams.
 
 
 7
 We think it likely that both omissions on the part of the government were inadvertent. Nevertheless, defendants are entitled to the benefits of their bargains, and the sentences of Beavers and Williams are, for the foregoing reasons,
 
 
 8
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 [1]
 Beavers also pleaded guilty to a charge of possession of an unregistered firearm silencer in violation of 26 U.S.C. Secs. 5861(d) and 5871
 
 
 [2]
 Beavers further argues that the district court relied upon an expunged conviction, included in the presentence report, when it sentenced Beavers at the upper end of the guideline range. While expressing no opinion as to whether or not such reliance would be improper, we note that neither Beavers' brief nor the record indicates that Beavers objected in the district court to the inclusion of this expunged conviction in the presentence report. Beavers has waived the right to raise this issue on this appeal, and we accordingly do not consider it