**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                     No. 95-5134

PAUL CHRISTOPHER DAVIS,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                     No. 95-5529

PAUL CHRISTOPHER DAVIS,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-94-239)

Submitted: March 19, 1996

Decided: April 18, 1996

Before HALL and ERVIN, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, John Stuart Bruce, Deputy Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul Davis appeals his conviction and sentence of 330 months incarceration for possession with intent to distribute crack cocaine.[1] Davis, through counsel, contends that the district court erred by failing to suppress evidence obtained during a traffic stop, that the Government breached the plea agreement, that cocaine base was improperly attributed to him for sentencing purposes, and that he should not be sentenced as a career offender. Additionally, Davis filed a motion to file a supplemental brief which reiterated some of the issues raised by counsel, and independently raises the issue of sentencing disparity between powder and crack cocaine. Because Davis's supplemental brief is tautological and we have repeatedly ruled that the more severe penalties for crack cocaine over powder cocaine are constitutional,[2] we deny Davis's motion to file a supplemental brief. Further, we find no reversible error; thus we affirm Davis's conviction and sentence.

_____

[1] 21 U.S.C. § 841(a)(1) & (b)(1) (1988).
[2] **United States v. D'Anjou**, 16 F.3d 604, 612 (4th Cir.), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3861 (U.S. June 27, 1994) (No. 93-9131); United States v. Bynum, 3 F.3d 769, 774-75 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3552 (U.S. Feb. 22, 1994) (No. 93-7295); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir. 1990).

A North Carolina state trooper stopped Davis for speeding on I-85. Davis, who did not have a driver's license, gave the trooper the fictitious name David Guilly and a document that purported to show that David Guilly had an appointment with the South Carolina Department of Motor Vehicles to obtain a driver's license. After running a computer check on David Guilly, the trooper issued Davis citations for speeding and driving without a license. After issuing the citations, the trooper inquired if Davis's car contained any drugs, alcohol, firearms, or stolen property. Davis responded negatively. The trooper then asked for permission to search the car. Davis gave permission and signed a consent form. The search of the car uncovered a large quantity of crack cocaine. Davis was arrested and subsequently entered a conditional guilty plea to possession with intent to distribute crack cocaine. Davis now appeals his conviction and sentence.

Specifically, Davis contends that he was unduly detained by the police for a routine speeding violation. Further, Davis contends that he never gave permission to search his car. We find the encounter after the citations were written to be consensual. Further, the district court found that Davis knew he had the right to refuse the search, yet he validly signed the consent form. Davis had an opportunity to read the consent form and his rights were explained to him, thus Davis's claim that he did not understand what he signed is dubious. Because the search of Davis's car was consensual there was no Fourth Amendment violation.[3] The district court's determination is supported by the record and is not clearly erroneous.[4] Therefore, we uphold the district court's denial of Davis's motion to suppress.

Next, Davis contends that the government breached the plea agreement by not giving him an opportunity to earn a reduction in sentence by providing substantial assistance. Davis's claim is without merit because the plea agreement did not specify that Davis's cooperation could earn him a reduction in sentence. This is not a case where the defendant did not receive the benefit of his bargain, or the Government absolutely failed to conduct a debriefing.[5] At the FED. R. CRIM.

_____

[3] **Florida v. Jimeno**, 500 U.S. 248, 250-51 (1991).
[4] **United States v. Rusher**, 966 F.2d 868, 877 (4th Cir.), cert. denied, 506 U.S. 926 (1992).
[5] **United States v. Ringling**, 988 F.2d 504, 506 (4th Cir. 1993).

P. 11 hearing, Davis, through counsel, acknowledged that even if he gave substantial assistance the Government would not be compelled to move for a reduction in sentence. Further, Davis was given opportunities to cooperate, yet he refused to be interviewed or provided information of little or no value. The Government was not obligated to give Davis additional opportunities to cooperate or seek a reduction in sentence. Therefore, the plea agreement was not breached.

Next, Davis contends that two kilograms of crack cocaine were improperly attributed to him for sentencing purposes. Testimony at sentencing established by a preponderance[6] that Davis had recently transported at least two kilograms of crack cocaine to Rock Hill, South Carolina. Consequently, we cannot say that the district court's attribution of two kilograms of crack cocaine to Davis was clearly erroneous.[7]

Finally, Davis claims that he does not qualify as a career offender within the meaning of United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1994). Davis's claim is without merit. Davis's two convictions for attempted robbery in 1982 and 1987 satisfy the statute, thus he was properly considered as a career offender.

Accordingly, we find Davis's appeal without merit and deny his motion to file a supplemental brief and affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[6] **United States v. Powell**, 886 F.2d 81, 85 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990).

[7] **United States v. Brooks**, 957 F.2d 1138, 1148 (4th Cir.), cert. denied, 505 U.S. 1228 (1992).

4