UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                               No. 99-4196

KERJI POLITE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-97-943)

Submitted: February 29, 2000

Decided: March 22, 2000

Before WILKINS and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Peter D. DeLuca, Jr., LAW OFFICES OF DELUCA & MAUCHER,
L.L.P., Goose Creek, South Carolina, for Appellant. J. Rene Josey,
United States Attorney, Miller W. Shealy, Jr., Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kerji Polite appeals from a 121-month sentence imposed following his plea of nolo contendere to possession with the intent to distribute cocaine, 21 U.S.C. § 841(a) (1994). Polite contends that the district court erroneously attributed drug quantities to him and that the Government breached the plea agreement. We have reviewed the record, find no reversible error, and affirm.

Polite correctly acknowledges that the district court was not bound by the parties' agreement as to the amount attributable to him for the purposes of determining his relevant conduct under U.S. Sentencing Guidelines Manual §§ 1B1.3, 2D1.1 (1998). See USSG § 6B1.2(a); United States v. Fells, 920 F.2d 1179, 1184 (4th Cir. 1990); United States v. Williams, 880 F.2d 804, 806 (4th Cir. 1989). However, a defendant may still be entitled to relief from the district court's decision not to follow the sentencing recommendation in the plea agreement if he shows that the government breached a material term of the agreement. See United States v. Johnson, 132 F.3d 628, 630-31 (11th Cir.), cert. denied, ___ U.S. ___, 119 S. Ct. 264 (1998); United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993).

While we interpret plea agreements according to contract law, we also subject the terms of the agreement to greater scrutiny because a defendant's constitutional rights are at stake. See Ringling, 988 F.2d at 506. Thus, the government is held to a higher degree of responsibility when ambiguities and imprecisions in the language of the plea agreement inure to the detriment of the defendant. See United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986). However, "the government is held only to those promises that it actually made to the defendant." See United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994).

In this case, and unlike the cases cited by Polite in support of his position, the plea agreement clearly and unambiguously left the deter-

2

mination of the drug quantity to the judge. An integration clause provided that the written plea agreement represented "the entire agreement of the parties" and "that any and all promises, representations, and statements whether prior to, contemporaneous with or after" the adoption of the agreement were "null and void." (J.A. at 34). Moreover, the Government refused to stipulate that Polite was responsible only for the drugs found in connection with the surveillance and subsequent traffic stop of Polite and other members of his gang on October 21, 1997. Thus, the Government did not violate any promises that it made in order to induce Polite's plea.

We also find unpersuasive Polite's argument that he is entitled to relief on the basis that the Government did not turn over all evidence relevant to the finding of offender characteristics and the determination of the circumstances of the offense prior to his Fed. R. Crim. P. 11 colloquy. Although the government is encouraged to turn over such evidence, the applicable policy statement in the sentencing guidelines does not "confer upon the defendant any right not otherwise recognized in law." USSG § 6B1.2, comment.

Accordingly, we affirm Polite's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED