**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4762**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY THOMAS BURNS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (CR-03-2-BO)

---

Submitted:  June 23, 2004          Decided:  August 3, 2004

---

Before LUTTIG and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part, dismissed in part by unpublished per curiam opinion.

---

Walter H. Paramore, III, Jacksonville, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeffrey Thomas Burns pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. §§ 922(g), 924(e) (West 2000 & Supp. 2004), and was sentenced to 180 months of imprisonment. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims for appeal but raising the following issues: whether (1) the Government breached its plea agreement with Burns; (2) Burns' trial counsel provided ineffective assistance; and (3) Burns' sentence was improperly enhanced because he was found to be an armed career criminal under U.S. Sentencing Guidelines Manual § 4B1.4 (2002). Burns has filed a pro se supplemental brief rearguing the first two issues. For the reasons that follow, we affirm in part and dismiss in part.

First, we do not find that the Government breached its plea agreement with Burns. Santobello v. New York, 404 U.S. 257, 262 (1971). Burns alleges that the Government did not provide the sentencing court with the full extent of his cooperation at the sentencing hearing. Burns, however, fails to allege what additional assistance he provided the Government, and it is a fair inference from the record that the Government's description of Burns' assistance at the sentencing hearing helped him obtain a sentence at the low end of his guideline range. Based on the record and the arguments made before this court, it appears that

Burns received the benefit of his bargain under the plea agreement. United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). Accordingly, we affirm this issue.

Next, we do not find that Burns has established ineffective assistance of counsel that may be raised on direct appeal. Generally, claims of ineffective assistance of counsel are not cognizable on direct appeal; to allow for adequate development of a record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion, unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Burns has failed to meet this high burden. Accordingly, we affirm.

Finally, we find that Burns has waived his right to appeal his sentence enhancement for being an armed career criminal. A review of his plea agreement and his Fed. R. Crim. P. 11 hearing reveals that he knowingly and voluntarily waived his right to appeal this issue. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Accordingly, we dismiss this claim.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm in part, and dismiss in part. This court requires that counsel inform his client, in

writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
DISMISSED IN PART