<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4570**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL HERNANDEZ, a/k/a Lamberto Rabollar
Salgado, a/k/a Antonio Correa,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CR-
01-533-PJM)

_____

Submitted: June 30, 2005            Decided: August 2, 2005

_____

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Timothy S. Mitchell, LAW OFFICES OF TIMOTHY S. MITCHELL, Greenbelt,
Maryland, for Appellant. Thomas M. DiBiagio, United States
Attorney, Deborah A. Johnston, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Manuel Hernandez seeks to appeal his conviction and sentence to 255 months in prison and five years of supervised release following his guilty plea pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846 (2000). He seeks to raise a claim challenging his sentence on the ground that it violated Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 124 S. Ct. 2531 (2005); and United States v. Booker, 125 S. Ct. 738 (2005). Because we find Hernandez is precluded from raising this claim by his valid appeal waiver, we dismiss the appeal.

"'Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain.'" United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). Where the United States seeks to enforce an appeal waiver, and there is no claim that the United States breached its obligations under the plea agreement, this court will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes he knowingly and intelligently agreed to waive the right to appeal, and the issue being appealed is within the scope of the waiver. Id. at 168-69. On appeal, Hernandez does not challenge his waiver as unknowing or involuntary but contends the issue he seeks to

appeal is not within the scope of the waiver. Because Hernandez expressly agreed to be sentenced "pursuant to the Sentencing Reform Act of 1984," and unqualifiedly waived his right to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the guideline range," we find his argument squarely foreclosed by our recent decision in <u>United States v. Blick</u>, 408 F.3d 162, 171-72 (4th Cir. 2005).

Accordingly, we dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>