**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4640

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE REYNOSO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (CR-03-6)

Submitted: August 10, 2005                    Decided: September 8, 2005

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Marc Seguinot, SEGUINOT LAW FIRM, McLean, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jorge Reynoso seeks to appeal the 135-month sentence he received after he pled guilty to one count of conspiracy to possess with intent to distribute over fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2000). Reynoso argues that the district court committed plain error in declining to find he met the criteria for a two-level adjustment under the safety valve exception of U.S. Sentencing Guidelines Manual § 5C1.2 (2003). For the reasons explained below, we dismiss the appeal.

Under the terms of his plea agreement, Reynoso waived the right to appeal his sentence. In his plea agreement, Reynoso agreed that he was "knowingly and voluntarily waiving any right to appeal sentencing guidelines factors, and [was] voluntarily willing to rely on the Court in sentencing [him] under the Sentencing Guidelines." (JA 40). At his plea hearing, the district court reviewed the plea with Reynoso and determined that it was knowingly and voluntarily entered. Further, the district court specifically inquired as to Reynoso's knowledge of the waiver provision and Reynoso acknowledged that he understood the appellate waiver provision.

"'Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain.'" United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). Where the

United States seeks to enforce an appeal waiver, and there is no claim that the United States breached its obligations under the plea agreement, this court will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes he knowingly and intelligently agreed to waive the right to appeal, and the issue being appealed is within the scope of the waiver. Id. at 168-69. On appeal, Reynoso does not challenge his waiver as unknowing or involuntary or allege that his issue is not within the scope of the waiver. Because Reynoso expressly agreed to waive his appellate rights in regard to sentencing guideline issues, we find his argument squarely foreclosed by our recent decision in Blick, 408 F.3d at 171-72.

Accordingly, while we grant Reynoso's May 6, 2005[*] motion to supplement his brief, we dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]We deny Reynoso's March 31, 2005 motion to supplement as moot.