**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5046

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SONNIE ELLIS, a/k/a Joseph Baye, a/k/a Sonny
Baye,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.
(CR-99-214-DKC)

Submitted:  August 29, 2005        Decided:  September 16, 2005

Before LUTTIG, WILLIAMS, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Edward C. Sussman, Washington, D.C., for Appellant. Allen F.
Loucks, United States Attorney, James M. Trusty, Stuart A. Berman,
Assistant United States Attorneys, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sonnie Ellis appeals his 135-month sentence following his conviction for conspiracy to possess and distribute five kilograms of more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000). Because Ellis knowingly and voluntarily waived his right to appeal, we dismiss.

Criminal defendants may waive their statutory right to direct appeal as part of a plea agreement with the government. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). For a waiver to be effective, the plea agreement must be entered into knowingly and voluntarily, and the district court must specifically inquire as to the defendant's knowledge of the waiver provision. Id. Where a waiver of appellate rights has been knowingly and voluntarily agreed to, both parties are entitled to the benefits of their bargain. See United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). Moreover, a waiver is not rendered unknowing, involuntary, or unenforceable based on the subsequent opinion of the United States Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Blick, 408 F.3d 162 (4th Cir. 2005).

Our review of the plea agreement, and the transcript of Ellis' plea colloquy, discloses Ellis was adequately informed of the nature and scope of his appellate waiver. We also conclude that any claim regarding Ellis' sentencing under the mandatory

- 2 -

sentencing guidelines scheme falls squarely within the appellate waiver.  Accordingly, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED