**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-5009**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

MELVIN REGINALD HOLDEN,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Louise W. Flanagan,
Chief District Judge.   (5:08-cr-00050-FL-1)

─────────────

Submitted:  April 14, 2011          Decided:  April 29, 2011

─────────────

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

George B. Currin, CURRIN & CURRIN, Raleigh, North Carolina, for
Appellant.   George E. B. Holding, United States Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Reginald Holden pled guilty to possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). Before sentencing Holden, the district court granted the Government's motion for downward departure based upon Holden's substantial assistance, and sentenced Holden to a term of fifty months' imprisonment. On appeal, Holden argues that, upon execution of the plea agreement, statements he made one year before he executed the plea agreement became protected and that the use of his statements to enhance his sentence based upon the number of firearms involved in the crime constituted a breach of the plea agreement. He also asserts that counsel rendered ineffective assistance by failing to object to the use of the statements. We affirm.

Because Holden did not object to the use of his pre-plea statements at sentencing, we review for plain error whether the Government breached the plea agreement. United States v. Lewis, 633 F.3d 262, 267 (4th Cir. 2011) (stating standard of review). To establish plain error, Holden must demonstrate "the existence of (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Dawson,

2

587 F.3d 640, 645 (4th Cir. 2009) (citing Puckett v. United States, 129 S. Ct. 1423, 1428 (2009)).

When, as here, the parties dispute the interpretation of language in the plea agreement, we apply basic contract principles. Lewis, 633 F.3d at 269; United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). "'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration [to plead guilty], such promise must be fulfilled.'" Lewis, 633 F.3d at 269 (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)). "The government is only bound, however, by the promises that were actually made in inducing a guilty plea." Id. In analyzing a plea agreement, this court holds "the government . . . to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements." Id. (internal quotation marks omitted).

With these standards in mind, we have reviewed the record on appeal and conclude that the Government did not breach the plea agreement. The agreement provided that incriminating statements shall not be used to determine Holden's advisory Guidelines range, except as provided by U.S. Sentencing Guidelines Manual § 1B1.8 (2003). Section 1B1.8, however, permits consideration of information that was "known to the

3

government prior to entering into the cooperation agreement." USSG § 1B1.8(b)(1). Here, more than one year before Holden signed the plea agreement, he told authorities about his involvement in the sale of four handguns. Thus, the use of Holden's pre-plea statements at sentencing did not violate the plea agreement, and Holden fails to demonstrate error — plain or otherwise.

Turning to the ineffective assistance of counsel claim, the record indicates that counsel had no meritorious objection to the use of Holden's pre-plea statements at sentencing. Holden therefore has failed to show, as he must, attorney error that is evident from the face of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (providing standard). We therefore decline to address this claim on direct appeal.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED