**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4098**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

MALAMIN OUSMAN SONKO,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:15-cr-00334-BO-2)

Submitted:  October 30, 2018               Decided:  November 21, 2018

Before MOTZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard C. Speaks, SPEAKS LAW FIRM, Wilmington, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Malamin Ousman Sonko pled guilty to conspiracy to commit money laundering (Count 2), in violation of 18 U.S.C. § 1956(h) (2012), and aggravated identity theft and aiding and abetting (Count 31), in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2012). The court imposed an 80-month sentence. Sonko appeals, arguing that the Government breached the plea agreement by arguing for certain specific offense enhancements at sentencing. We affirm.

As originally drafted, the plea agreement contained stipulations that certain enhancements applied, including U.S. Sentencing Guidelines Manual § 2B1.1(b)(10) (2016), because the scheme involved sophisticated means, and USSG § 2B1.1(b)(11), because the offense involved the possession or use of device-making equipment. The plea agreement submitted to the district court, however, contained handwritten modifications striking out the parties' stipulations that specific offense enhancements were warranted under USSG § 2B1.1(b)(10) and (11). Sonko, defense counsel, and the Assistant United States Attorney ("AUSA") initialed the modification, and no modifications were made to either the base offense level or the adjusted total offense level.

At the sentencing hearing, Sonko questioned the offense level of 23, stating his understanding that the plea agreement established an offense level of 19. The probation officer, the AUSA, and defense counsel agreed, and relayed to the court, that striking out the stipulations related to enhancements under USSG § 2B1.1(b)(10) and (11) meant that Sonko was no longer stipulating that the enhancements applied, but that the parties could

2

argue the appropriateness of the enhancements at sentencing. Based on these representations and after further argument on whether the enhancements should apply, the district court found that a preponderance of evidence supported the enhancements.

"[A] defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). We review "the district court's factual findings for clear error and its application of principles of contract interpretation *de novo*." *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009) (internal quotation marks omitted).[*]

In interpreting plea agreements, we use traditional principles of contract law and "enforce a plea agreement's plain language in its ordinary sense." *United States v. Warner*, 820 F.3d 678, 683 (4th Cir. 2016) (internal quotation marks omitted). This court carefully scrutinizes plea agreements "[b]ecause a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement." *United States v. Jordan*, 509 F.3d 191, 195-96 (4th Cir. 2007) (internal quotation marks omitted). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). It is well settled that "each party should receive the benefit of its bargain."

---

[*] On appeal, Sonko maintains that the Government breached the plea agreement by arguing in support of sentencing enhancements under USSG § 2B1.1(b)(10) and (11). The Government contends the Sonko did not preserve this issue for appellate review and therefore our review should be for plain error, but we need not determine the applicable standard of review because Sonko's claim fails under either standard.

*United States v. Ringling*, 988 F.2d 504, 506 (4th Cir. 1993). However, "[w]hile the government must be held to the promises it made, it will not be bound to those it did not make." *United States v. Fentress*, 792 F.2d 461, 464 (4th Cir. 1986).

A plain reading of the plea agreement without the stricken paragraphs is that the parties did not reach any agreement as to enhancements under USSG § 2B1.1(b)(10) and (11). Sonko asserts that by striking out the previously stipulated enhancements, the parties were memorializing an agreement to stipulate that the enhancements did not apply. However, this interpretation is unsupported by the plain meaning of the plea agreement's language, and was immediately disputed by the probation officer, Government counsel, and Sonko's own attorney at the sentencing hearing.

Accordingly, we conclude that the Government's arguments at sentencing in support of the imposition of enhancements under USSG § 2B1.1(b)(10) and (11) did not constitute a breach of the plea agreement. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*