**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4451**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAM JOSEPH PLAUCHE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:17-cr-00082-GMG-RWT-1)

Submitted:  November 29, 2018                    Decided:  December 3, 2018

Before DUNCAN and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Wheeling, West Virginia, Paul T. Camilletti, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Adam Joseph Plauche pled guilty to knowing possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2012). The court imposed a sentence of 18 months, at the lowest end of the Sentencing Guidelines range. Plauche appeals, arguing that the Government breached the plea agreement by stating that he had not been truthful in denying knowledge of the possession of an additional, uncharged firearm. We affirm.

The plea agreement contained stipulations that Plauche would be forthright and truthful when the Government debriefed him as part of a cooperation agreement and that any information that Plauche volunteered as part of the cooperation agreement would not be used by the court in determining Plauche's Guidelines range. The plea agreement also stated that the Government would "advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate." (J.A. 50). The Government advised the court at sentencing that Plauche was not forthright about having no knowledge of or possessing a firearm originally belonging to his mother but stolen from her in West Virginia and used in New York to kill a police officer. Plauche argues that the disclosure of this information at sentencing constituted a breach of the plea agreement by the Government.

"[A] defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). We review "the district court's factual findings

2

for clear error and its application of principles of contract interpretation de novo." *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009) (internal quotation marks omitted).

In interpreting plea agreements, we use traditional principles of contract law and "enforce a plea agreement's plain language in its ordinary sense." *United States v. Warner*, 820 F.3d 678, 683 (4th Cir. 2016) (internal quotation marks omitted). This court carefully scrutinizes plea agreements "[b]ecause a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement." *United States v. Jordan*, 509 F.3d 191, 195-96 (4th Cir. 2007) (internal quotation marks omitted). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). It is well settled that "each party should receive the benefit of its bargain." *United States v. Ringling*, 988 F.2d 504, 506 (4th Cir. 1993). However, "[w]hile the government must be held to the promises it made, it will not be bound to those it did not make." *United States v. Fentress*, 792 F.2d 461, 464 (4th Cir. 1986).

A plain reading of the plea agreement reveals that the Government did not breach the plea agreement. The Government's allocution did not change the Sentencing Guidelines range calculation. Specifically, Plauche did not receive any enhancements to his Guidelines range based on relevant conduct related to the contested firearm. Further, the Government agreed that the Guidelines range was properly calculated and the court adopted the Guidelines calculations. The Government was entitled under the plea agreement to assert that it believed that Plauche was not forthright and truthful regarding

3

the contested firearm. The alleged error was not plain and did not affect Plauche's substantial rights, as the district court acknowledged that the Government could not prove that Plauche stole the firearm. Further, the court's stated reasons for imposing the lowest end of the Guidelines sentence reflected its concern for the seriousness of the offense and Plauche's criminal history. We discern no plain error in the Government's assertion that Plauche was not forthright about his involvement with the contested firearm.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*