**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4594**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE FUENTES-GONZALES, a/k/a Pepe, a/k/a Pepe
Fuentes, a/k/a Jose Fuentes,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Graham C. Mullen, Chief
District Judge. (CR-01-221; CR-02-7)

---

Submitted: July 27, 2005          Decided: September 28, 2005

---

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

---

Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North
Carolina, for Appellant. Gretchen C. F. Shappert, United States
Attorney, Amy E. Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jose Fuentes-Gonzales appeals his convictions and 188 month sentence for illegal reentry as an alien following deportation, in violation of 8 U.S.C. § 1326 (2000), and conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2000). Finding no error, we affirm in part and dismiss in part.

Fuentes-Gonzales first claims that the district court abused its discretion in denying his motion to withdraw his guilty plea. A district court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include: (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether

permitting withdrawal will inconvenience the court and waste judicial resources.  Id.  Reviewing these factors as they apply to Fuentes-Gonzales' guilty plea, we cannot conclude that the district court abused its discretion in denying the motion to withdraw the plea.  Accordingly, we affirm the district court's decision as to this claim.

Fuentes-Gonzales also claims that the district court violated his Sixth Amendment right to trial by jury when it sentenced him in accordance with the federal sentencing guidelines. Criminal defendants may waive their statutory right to direct appeal as part of a plea agreement with the government.  United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).  For a waiver to be effective, the plea agreement must be entered into knowingly and voluntarily, and the district court must specifically inquire as to the defendant's knowledge of the waiver provision.  Id. Where a waiver of appellate rights has been knowingly and voluntarily agreed to, both parties are entitled to the benefits of their bargain.  See United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993).  Moreover, a waiver is not rendered unknowing, involuntary, or unenforceable based on the subsequent opinion of the United States Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005).  See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Blick, 408 F.3d 162 (4th Cir. 2005).

Our review of the plea agreement, and the transcript of Fuentes-Gonzales' plea colloquy, discloses he was adequately informed of the nature and scope of his appellate waiver. We also conclude that any claim regarding Fuentes-Gonzales' sentencing under the mandatory sentencing guidelines scheme falls squarely within the appellate waiver. Accordingly, we dismiss the appeal as to this claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART