**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4090

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARTHA ANN LAWSON, a/k/a Wanda Thompson, a/k/a
Martha Butler, a/k/a Martha Sullivan,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:05-cr-
00304-RWT)

Submitted: March 9, 2007          Decided: April 4, 2007

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Fred Warren Bennett, BENNETT & BAIR, LLP, Greenbelt, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Sandra
Wilkinson, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martha Ann Lawson seeks to appeal her sentence to fifty months in prison and five years of supervised release after pleading guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344 (2000). Although the district court adopted the parties' position that Lawson's total adjusted offense level was eighteen, and Lawson waived her right to appeal from any sentence within or below the advisory guideline range resulting from that offense level, she contends her waiver is unenforceable because the Government breached the plea agreement. Lawson raises the issue of the Government's alleged breach for the first time on appeal. She furthermore argues the district court erred in sua sponte departing upward in her criminal history category pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a). We dismiss the appeal.

Whether a defendant has effectively waived the right to appeal is an issue we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). "A party's waiver of the right to seek appellate review is not enforceable where the opposing party breaches a plea agreement." United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001). "Once released from the bar of the appeal waiver, [the defendant] may raise any claim relating to the sentence, except a contention that first should have been presented to the district court." United States v. Gonzalez, 16 F.3d 985, 990 (9th Cir. 1993). "It is settled that a defendant alleging the

- 2 -

Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Where a party raises the alleged breach for the first time on appeal, we review for plain error. United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). Accordingly, Lawson must not only establish that the plea agreement was breached, but also that "the breach was 'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" See id. at 66 & n.4 (quoting United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992)).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "It is well-established that the interpretation of plea agreements is rooted in contract law, and that 'each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). "A central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself." Id. Accordingly, "the government's duty in carrying out its obligations under a plea agreement is no greater

than that of 'fidelity to the agreement.'"  Id. (quoting United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986)).

In the plea agreement, the parties stipulated that Lawson's adjusted offense level was eighteen and that no other offense characteristics, sentencing guidelines factors, potential departures, or adjustments would be raised or were in dispute. However, Lawson acknowledged there was no agreement as to her criminal history category, and the court was not bound by the stipulation but would consider it along with the presentence report and any other relevant information.  Finally, the Government "expressly agree[d] to seek a sentence within the advisory guideline range determined to be applicable by the Court."  Prior to the district court's departure, Lawson's advisory guideline range was thirty-three to forty-one months.  After the departure, the range was forty-one to fifty-one months.

We have reviewed the record and conclude the Government did not breach the plea agreement.  The Government expressly sought a sentence of forty-one months, the high end of Lawson's advisory guideline range prior to the district court's departure. Moreover, the Government did not raise any potential departures and expressly agreed with Lawson that it was prohibited from requesting one. Nevertheless, Lawson contends the Government's response to the district court's direction to address the upward departure issue raised by the court amounted to an implicit argument for the

departure and a violation of its obligations under the agreement. We disagree. The Government fulfilled its promises under the plea agreement, and its statements were consistent with its recommended sentence at the high end of Lawson's initial guideline range. Finally, although Lawson expressly informed the district court that the parties were bound by their agreement not to argue for any departures, she never objected that the Government's argument was in breach of the agreement. Even if Lawson could establish an implicit breach, she cannot show it was so obvious and substantial that a failure to notice and correct it affected the fairness, integrity, or public reputation of the judicial proceedings.

Accordingly, we dismiss Lawson's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED