**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4637

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

J. LEE STURGIS, a/k/a Jay Lee Sturgis,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:04-cr-00043-3)

Submitted: March 7, 2007                Decided: May 10, 2007

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

J. Lee Sturgis appeals his conviction following his guilty plea to conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000). Sturgis argues that the district court erred in denying his motion to withdraw his guilty plea and in determining that the Government did not breach the plea agreement and denying his motion to vacate the plea agreement. Finding no error, we affirm.

Sturgis entered into a written plea agreement with the Government that included a clause that the Government may move to reduce his mandatory life sentence if Sturgis cooperated and rendered substantial assistance to the Government. The plea agreement stated that it was within the Government's sole discretion to determine whether Sturgis's assistance was substantial. The plea agreement further provided that if Sturgis gave false testimony, the United States would be relieved of its obligations under the plea agreement.

In January 2005, Sturgis was debriefed and admitted to multiple roles in a drug distribution network, including receiving and distributing cocaine, crack cocaine, and marijuana. Sturgis testified at the sentencing hearing of Roderick Williams in December 2005, and stated under oath that he was only a drug addict, and was not a drug dealer. Based on this testimony, which

was inconsistent with his statements to the investigating case agent, the Government decided that it would not move for a sentence reduction based on substantial assistance.[*] Sturgis then moved to withdraw his guilty plea and to vacate the plea agreement based on the Government's alleged breach. The district court denied the motions, finding that Sturgis's guilty plea was knowing and voluntary and that the Government did not abuse its discretion in failing to make the motion for a sentence reduction.

Sturgis contends that the district court erred in denying his motion to withdraw his guilty plea. This court reviews the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Withdrawal of a guilty plea is not a matter of right. Id. (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges. . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th

---

[*]The Government also had reservations whether Sturgis's declarations that he knew a major player in drug trafficking, Alvis Mosely, and that he did not have knowledge of or participate in the murder of Bobby Houston were truthful. However, the Government's decision not to move for a sentence reduction was based on Sturgis's false testimony at the Williams sentencing hearing regarding his own role in drug trafficking, and there is no evidence that Sturgis's statements concerning Mosely or Houston were factors in the decision.

Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, raises a strong presumption that the guilty plea is final and binding. Id. Courts consider six factors in determining whether to permit the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424 (citing Moore, 931 F.2d at 248 (footnote omitted)).

Sturgis argues that the six-factor test should not apply to his case because his guilty plea was made based upon unfulfilled promises by the Government in violation of the due process clause. Sturgis also argues that the breach by the Government made his plea involuntary. We do not agree. Sturgis does not put forth sufficient evidence to show that his plea was not voluntary and knowing. Therefore it was not an abuse of discretion for the court to find the plea was voluntary without consideration of the alleged breach.

Sturgis also challenges the district court's denial of his motion to vacate the plea agreement for breach by the Government. A plea agreement is breached when a government promise that induces the plea goes unfulfilled. Santobello v. New York,

404 U.S. 257, 262 (1971); United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). The interpretation of a plea agreement is "guided by contract law, and parties to the agreement should receive the benefit of their bargain." United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). "It is well—established that the interpretation of plea agreements is rooted in contract law, and that 'each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting Ringling, 988 F.2d at 506). A criminal defendant asserting that the Government breached a plea agreement bears the burden of proving such a breach by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000).

First, under the plea agreement, the Government had the sole discretion whether to move for a reduction in sentence due to substantial assistance. The plea agreement placed no obligation on the Government in this regard, and no reasonable reading of the agreement can support such a construction. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (noting plea agreement did not include obligation to file departure motion, but reserved discretion to file with Government). In fact, the plea agreement states that "if the defendant gives false testimony, the United States will be relieved of its obligations" under the plea agreement. Furthermore, Sturgis failed to make "a substantial threshold showing" that the Government's refusal to file a

substantial assistance motion was based on an unconstitutional motive.  <u>Wade v. United States</u>, 504 U.S. 181, 186 (1992).  We conclude that the Government did not breach the plea agreement in this case by failing to move for a substantial assistance reduction under <u>U.S. Sentencing Guidelines Manual</u> § 5K1.1 (2004) or for a downward sentencing variance, and therefore it was not error for the district court to deny Sturgis's motion.

We therefore affirm Sturgis's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>