**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5269**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SYLEST ALI GAINES, a/k/a Jerold M. Lee,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:06-cr-00392-HFF)

---

Submitted:  June 22, 2007               Decided:  July 12, 2007

---

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell Barnes Cauthen, III, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylest Ali Gaines pled guilty pursuant to a plea agreement to one count of possession of a firearm by a felon, one count of possession of a stolen firearm, and one count of possession with intent to distribute cocaine and marijuana, in violation of 18 U.S.C. §§ 922(g), (j); 924(a)(2), (e); 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D) (2000). Gaines was sentenced by the district court to a total of 168 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but questioning whether the district court fully complied with the requirements of Fed. R. Crim. P. 11. Gaines filed a pro se supplemental brief, contending the district court erred in its application of the Sentencing Guidelines, the Government breached the terms of the plea agreement, and his counsel provided ineffective assistance. The Government elected not to file a responsive brief.

Because Gaines did not seek to withdraw his guilty plea in the district court, we review any alleged Rule 11 error for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To establish plain error, Gaines must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. White, 405 F.3d

- 2 -

208, 215 (4th Cir. 2005).  We have reviewed the record and find no error.

Gaines next contends that the district court erred in its application of the Sentencing Guidelines.  When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo.  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Initially, Gaines argues that he does not satisfy the criteria for enhancement as a career offender.  As Gaines was over eighteen years old at the time he committed the instant controlled substance offense, and was previously convicted of assault on an officer while resisting arrest and possession of cocaine with intent to distribute, we conclude Gaines was appropriately sentenced by the district court as a career offender.  Gaines also argues that the court erred in determining his criminal history category.  However, because Gaines was a career offender, his placement in category VI was required by U.S. Sentencing Guidelines Manual § 4B1.1(b) (2005).

Next, Gaines contends that the Government breached the terms of the plea agreement by making a sentencing recommendation to the court.  "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be

fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "It is well-established that the interpretation of plea agreements is rooted in contract law, and that 'each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). "A central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself." Id.

Accordingly, "the government's duty in carrying out its obligations under a plea agreement is no greater than that of 'fidelity to the agreement.'" Id. (quoting United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986)). As the agreement is silent on the issue of sentencing recommendations, we conclude Gaines cannot establish that the Government breached the plea agreement. See United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000) ("It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence.").

Gaines finally contends that his counsel was ineffective for failing to object to the plea agreement and presentence report. An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However,

we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)). Because the record does not conclusively establish that counsel was ineffective, we conclude Gaines's claim is not cognizable on appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED