<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4829**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

AMANDA FORDHAM,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry F. Floyd, District Judge. (8:05-cr-01077-HFF)

_____

Submitted:  July 22, 2008         Decided:  August 4, 2008

_____

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellant.  Kevin F. McDonald, Acting United States Attorney, Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amanda Fordham pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2000). Fordham was sentenced to 240 months' imprisonment. Finding no error, we affirm.

On appeal, Fordham contends the Government breached the terms of the plea agreement by failing to recommend a downward adjustment for acceptance of responsibility. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "It is well-established that the interpretation of plea agreements is rooted in contract law, and that 'each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). "A central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself." Id. Accordingly, "the government's duty in carrying out its obligations under a plea agreement is no greater than that of 'fidelity to the agreement.'" Id. (quoting United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986)).

Pursuant to the terms of the plea agreement, a two-level downward adjustment under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2006) would be applied if the district court, in its discretion, determined that Fordham had accepted responsibility. If the court so determined, the Government agreed to move for an additional one-level decrease under § 3E1.1(b). Because Fordham absconded for more than a year and continued to engage in criminal conduct, the court concluded that a two-level downward adjustment under § 3E1.1(a) was not warranted. Consequently, the Government was not obligated to move for an additional one-level decrease under § 3E1.1(b). While Fordham alternatively asserts that the Government breached the plea agreement by arguing against application of the initial two-level downward adjustment, the Government was not obligated to remain silent as the plea agreement explicitly provided that the Government

> retain[ed] the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, [and] to respond to any statements made to the Court by or on behalf of the Defendant . . . .

Since Fordham assented to these terms, both in writing and during the Fed. R. Crim. P. 11 hearing, we conclude she cannot establish that the Government breached the plea agreement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

- 3 -

contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED
