**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4179**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

LINWOOD BATTS, JR.,

          Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:07-cr-00064-BO-1)

Submitted:  January 30, 2009      Decided:  March 13, 2009

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Kelly L. Greene, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linwood Batts, Jr. pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), 846 (2000), and one count of carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(2000). He was sentenced to 57 months' imprisonment on the drug conspiracy conviction and to a consecutive sentence of 168 months' imprisonment on the firearm conviction, for an aggregate sentence of 225 months' imprisonment. On appeal, Batts challenges his sentence, alleging that the Government breached the plea agreement by moving for an upward departure on the drug conspiracy conviction and that his sentence is unreasonable. For the reasons that follow, we affirm Batts' sentence for the drug conspiracy conviction, but vacate his sentence for the firearm conviction and remand for resentencing.

A defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Where a party raises the alleged breach for the first time on appeal, we review for plain error. United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). Accordingly, Batts must not only establish that the plea

2

agreement was breached, but also that "the breach was 'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" Id. at 66 & n.4 (quoting United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992)).

"It is well-established that the interpretation of plea agreements is rooted in contract law, and that 'each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). "A central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself." Id. "Accordingly, in enforcing plea agreements, the government is held only to those promises that it actually made," and "the government's duty in carrying out its obligations under a plea agreement is no greater than that of 'fidelity to the agreement.'" Id. (quoting United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986)).

We have reviewed the record and conclude that the Government did not breach the plea agreement by moving for the upward departure on the drug conspiracy conviction. The agreement contained no provision prohibiting the Government from moving for an upward departure. Moreover, under the express terms of the agreement, the Government was allowed to present to

3

the district court at sentencing evidence or information under 18 U.S.C. § 3661. The upward departure motion, which was based on Batts' conduct during the drug conspiracy and past involvement in crimes of violence, was consistent with this provision. Accordingly, because the Government did not breach the plea agreement, we discern no plain error.

Batts also challenges as unreasonable his 168-month sentence for the firearm conviction. In imposing a sentence after United States v. Booker, 543 U.S. 220 (2005), a sentencing court must engage in a multi-step process. First the court must correctly determine the applicable sentencing range prescribed by the Guidelines. United States v. Hernandez-Villanueva, 473 F.3d 118, 122 (4th Cir. 2007). The court must then consider whether a sentence within this advisory range "serves the factors set forth in [18 U.S.C.] § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

In selecting a sentence that serves § 3553(a), the district court should consider whether a departure is appropriate based on the Guidelines Manual or relevant case law. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). If an "appropriate" basis for departure exists, the district court may depart, but if the resulting departure range still

4

does not serve the § 3553(a) factors, the court may elect to impose a non-Guidelines sentence. Id.

Our review of a post-Booker sentence is for reasonableness, which includes procedural and substantive components. "A sentence may be procedurally unreasonable . . . if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding. A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." Id. at 434. When we review a sentence outside the advisory sentencing range, whether the product of a departure or a variance, we consider whether the sentencing court "acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." Hernandez-Villanueva, 473 F.3d at 123.

In this case, after hearing testimony concerning Batts' involvement in prior crimes of violence, the district court upwardly departed on the sentence for the firearm conviction, concluding that the "facts" and Batts' "long exposure to violent predatory crime" warranted the departure. The court then sentenced Batts to 168 months' imprisonment for the firearm conviction, double the advisory Guidelines sentence of 84 months' imprisonment.

If a district court concludes that an upward departure is warranted for a defendant with a Category VI criminal history, the Sentencing Guidelines provide that the court is to structure the departure "by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a [G]uideline range appropriate to this case." USSG § 4A1.3(a)(4)(B). The sentencing court should "move to successively higher categories only upon a finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992).

Batts contends that is sentence is procedurally defective because the district court failed to move incrementally through the sentencing table. Batts also contends that the district court did not adequately explain the factors underlying its upward departure.

Although the district court discussed with the Government's counsel at sentencing the various sentencing ranges that would result at various offense levels, it did not move incrementally through the sentencing table in imposing the sentence for the firearm conviction. Instead, the court simply stated its view that a "sentence that is double what would otherwise be the mandatory minimum" was warranted. Although a

sentencing judge imposing a Guidelines departure need not "explain its rejection of each and every intervening level," United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007), we conclude that the district court's approach in this case falls short of that outlined in USSG § 4A1.3(a)(4)(B).

Further, as we explained in Moreland, in sentencing post-Booker, the district court must explain the reasons underlying the sentence it imposes, "particularly explaining any departure or variance from the [G]uidelines range." Moreland, 437 F.3d at 432. The court's explanation "must be tied" to the § 3553(a) factors and be accompanied by appropriate factual findings. Id. If the district court articulates plausible reasons underlying the variance that are tied to § 3553(a), the sentence imposed will generally be deemed reasonable. See id. at 434. However, where the variance imposed is a "substantial one . . ., we must more carefully scrutinize the reasoning offered by the district court" in support of that sentence. Id. Indeed, the further the court departs from the advisory Guidelines range, the more "compelling" the reasons underlying the departure need be. See id.; United States v. Evans, 526 F.3d 155, 166 (4th Cir. 2008) (where a district court decides that an outside-Guidelines sentence is warranted, it must ensure that the justification is sufficiently compelling to support the degree of variance).

Here, the sentence the district court imposed for the firearm conviction is twice the advisory Guidelines sentence. We conclude that the district court's explanation for the sentence is devoid of the "compelling" reasons necessary to justify the upward departure. Although the court's explanation for the sentence permissibly focused on Batts' "long exposure to violence predatory crime," it is unclear from this statement what crimes or conduct the district court took into account in selecting the 168-month sentence.

Batts' criminal record included juvenile convictions, adult convictions for possession of stolen goods, fleeing in a motor vehicle to elude police, and criminal possession of a weapon, as well as host of other arrests. At sentencing, the district court heard testimony concerning Batts' involvement in prior instances of violence criminal conduct, including shoots, murders, robberies, home invasions, and his possession of a stolen weapon, for which he was not successfully prosecuted. Although a district court may properly consider similar adult criminal conduct not resulting in a criminal conviction, USSG § 4A1.3(a)(2)(E), as well as the factual circumstances underlying prior arrests, United States v. Dixon, 318 F.3d 585, 591 (4th Cir. 2003), in deciding to depart, the district court did not move incrementally through the sentencing table and failed to explain why it selected the 168-month sentence from

8

other available sentencing options.  Accordingly, we vacate Batts' sentence for the firearm conviction and remand for resentencing with a more "rigorous sentencing analysis." Dalton, 477 F.3d at 200.[*]

Therefore, we affirm Batts' sentence for the drug conspiracy conviction.  However, we vacate the sentence for the firearm conviction and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[*] Given this disposition, we do not reach Batts' challenge to the substantive reasonableness of his sentence.  We emphasize in this regard that our disposition should not be read as indicating any view as to the appropriateness of the sentence imposed.  Thus, the district court, on remand, retains the discretion to reimpose the same sentence or to select an alternate one.