**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4676**

UNITED STATES OF AMERICA,

             Plaintiff – Appellant,

      v.

LINWOOD BATTS, JR.,

             Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:07-cr-00064-BO-1)

Submitted:  December 29, 2009        Decided:  January 27, 2010

Before TRAXLER, Chief Judge,  and NIEMEYER and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellant.  Kelly L. Greene, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In an earlier opinion, we vacated the sentence of Appellee Linwood Batts, Jr., for a firearm conviction and remanded for resentencing. At resentencing, the Government moved for an upward departure, but the district court refused to allow the Government's motion. The Government appeals, arguing that this refusal was error. We agree, and once again vacate and remand for resentencing.

As recounted in our earlier opinion, United States v. Batts, 317 F. App'x 329, 330 (4th Cir. 2009) (No. 08-4179) ("Batts I"), Batts pled guilty pursuant to a plea agreement to conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Batts to 57 months' imprisonment on the drug conspiracy conviction and a consecutive sentence of 168 months' imprisonment on the firearm conviction. Id. Batts appealed, claiming that the Government breached the plea agreement by moving for an upward departure on the drug conspiracy conviction and that the 168-month sentence for the firearm conviction, a sentence double the 84-month sentence under the Sentencing Guidelines, see U.S. Sentencing Guidelines Manual ("USSG") (2007), was procedurally defective because the district court failed to comply with USSG

2

§ 4A1.3(a)(4)(B) and to explain adequately its sentence. Id. at 330-31. We held that the Government had not breached the plea agreement in moving for an upward departure but that the district court erred by failing to move through the Guidelines' sentencing table and to explain adequately its reasons for imposing the 168-month sentence. Id. at 332. We therefore affirmed Batts' sentence for the drug conspiracy conviction but vacated the sentence for the firearm conviction and remanded for resentencing. Id. at 332-33.

At resentencing, the Government moved for an upward departure based on the seriousness of the circumstances of the offense and to protect the public from further crimes by Batts. The district court refused to allow the Government's motion, reasoning that our opinion in Batts I precluded the granting of an upward variance on remand. It imposed a within-Guidelines sentence of 84 months' imprisonment on the firearm conviction, to run consecutive to the 57-month sentence on the drug conspiracy conviction.

The Government argues on appeal that the district court misconstrued our opinion in Batts I and erred in refusing to entertain the Government's motion. We agree. A resentencing hearing should be conducted de novo unless this court's mandate specifically limits the district court to certain issues. United States v. Broughton-Jones, 71 F.3d 1143, 1149 n.4

(4th Cir. 1995); United States v. Smith, 930 F.2d 1450, 1456 (10th Cir. 1991) (concluding that, absent explicit limitations, an order vacating a sentencing and remanding for resentencing "directs the sentencing court to begin anew, so that fully de novo resentencing is entirely appropriate" (internal quotation marks omitted)); cf. United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992) ("Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing.").

Our opinion in Batts I did not limit or restrict the scope of our remand for resentencing on the firearm count. On the contrary, we emphasized that the district court retained the discretion on remand to impose the same sentence or select an alternate one. Further, we emphasized that our opinion in Batts I "should not be read as indicating any view on the appropriateness of the sentence imposed." Batts, 317 F. App'x at 332 n.*.

Our review of the resentencing transcript convinces us that the district court misunderstood the scope of our mandate. Accordingly, we again vacate the sentence for the firearm conviction and remand for resentencing. We reiterate that we express no opinion on the substantive appropriateness of the

sentence to be imposed on remand.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
