**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4520**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

LINWOOD BATTS, JR.,

              Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
Chief District Judge.  (5:07-cr-00064-FL-1)

Submitted: April 20, 2011          Decided:  April 28, 2011

Before TRAXLER, Chief Judge, and NIEMEYER and KING, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

David L. Neal, Hillsborough, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Ethan A. Ontjes,
Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linwood Batts, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court calculated Batts' Guidelines sentence on the firearm count at eighty-four months' imprisonment, see U.S. Sentencing Guidelines Manual ("USSG") (2007). At sentencing, the Government moved for an upward departure under USSG §§ 4A1.3, p.s., and 5K2.9, p.s. The district court granted the Government's motion, imposed an upward departure pursuant to USSG § 5K2.9, p.s., and sentenced Batts to 142 months' imprisonment on the firearm count, to be served consecutively to a fifty-seven month prison sentence on the drug conspiracy count, for a total imprisonment term of 199 months.[*] On appeal,

---

[*] We previously affirmed the district court's imposition of the fifty-seven month prison sentence on the drug conspiracy count but vacated the sentence on the firearm count and remanded for resentencing. United States v. Batts, 317 F. App'x 329, 332-33 (4th Cir. 2009) (No. 08-4179). At resentencing, the Government moved for an upward departure, but the district court refused to allow the motion, reasoning that our opinion precluded the granting of an upward departure on remand. The Government appealed, and we again vacated the sentence on the firearm count and remanded for resentencing, concluding that the district court misunderstood the scope of our mandate. United States v. Batts, 363 F. App'x 230, 232 (4th Cir. 2010) (No. 09-4676).

2

Batts challenges his sentence on the firearm count, arguing that the district court erred in imposing the upward departure under USSG § 5K2.9, p.s. We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This abuse-of-discretion standard of review involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51). Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id.

When the district court imposes a departure sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with

3

respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). This court has recognized, however, that a district court's error in applying a departure sentence is harmless if the sentence is ultimately justified by the § 3553(a) sentencing factors. United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008) ("[E]ven assuming the district court erred in applying the Guideline departure provisions, [the defendant's] sentence, which is well-justified by [the] § 3553(a) factors, is reasonable."); see Puckett v. United States, 129 S. Ct. 1423, 1432 (2009) (stating that "procedural errors at sentencing . . . are routinely subject to harmlessness review").

Citing United States v. Rybicki, 96 F.3d 754 (4th Cir. 1996), Batts argues that the district court erred in imposing an upward departure under USSG § 5K2.9, p.s. However, even assuming the district court erred in upwardly departing under USSG § 5K2.9, p.s., in view of the court's thorough and meaningful articulation of relevant § 3553(a) factors that also justified the imposition of the 142-month sentence, we conclude that the sentence is reasonable.

We therefore affirm the amended judgment of conviction. We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED